NEW ENGLAND TELEPHONE and TELEGRAPH COMPANY *vs.* DOVER-SHERBORN REGIONAL SCHOOL DISTRICT. August 21, 1979. The question reported to us by the judge (Mass.R.Civ.P. 64, 365 Mass. 831 [1974]) is whether he was correct in denying the defendant's motion to dismiss (Mass.R.Civ.P. 12 [b] [6], 365 Mass. 755 [1974]), the plaintiff's action to recover costs it incurred in cutting its telephone wires at the defendant's request to allow the defendant to move a house. By his denial of the motion to dismiss the judge in effect ruled that the plaintiff was not required by G. L. c. 166, § 39, to cut its wires at its own expense and was entitled to recover its costs from the defendant, notwithstanding the fact that there was no express agreement by the defendant to pay therefor.

General Laws c. 166, § 39 (as amended by St. 1958, c. 130), provides that a telephone company shall, upon proper request, "cut, disconnect or remove" its wires to permit a person "to move a building or for any other necessary purpose" but does not specify which party shall bear the costs of such removal. The second sentence of § 39 does provide, however, that if the telephone company neglects or refuses to cut or remove its wires after a proper request has been made, the inspector of wires, or the selectmen of a town having no such inspector, may have the wires cut and "the city or town may recover of the company in contract the expense of so doing."

We think that § 39, imposing a statutory duty on a telephone company to remove its wires at the proper request of a party, and providing for reimbursement to a city or town by the telephone company if it refuses to remove its wires and the city or town does so, indicates the Legislature's intent that a company should bear the costs incurred in complying with its statutory duty. This conclusion is supported by the holding in *Shrewsbury* v. *Munro*, 2 Mass. App. Ct. 362, 363 (1974), that a municipal light department was not barred from recovering from the party requesting removal of wires the costs incurred by such removal, since the provisions of § 39 did not apply to such a company. Since there was no statutory duty imposed on a municipal light department to remove wires, it had no obligation to bear the expenses of a move. By implication, a company which comes within the provisions of § 39 (as does the plaintiff here) is precluded from recovering its costs when it complies with this statutory duty. We so conclude. Therefore we need not address the plaintiff's further argument based on a quasi contractual theory of recovery against the defendant. To the question reported we answer that the judge's ruling was in error and that the defendant's motion to dismiss should have been allowed. The case is remanded to the Superior Court for entry of judgment in accordance with this opinion.

*So ordered.*

*Reginald H. Howe* for the defendant.
*John D. Corrigan, Jr. (Mary Marshall* with him) for the plaintiff.